# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONY A. KHNEISER, <br><br> Petitioner, <br><br> v. <br><br> RAYTHEL FISHER, JR., <br><br> Respondent. | Case No. EDCV 16-0936-JEM <br><br> MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

**PROCEEDINGS**

On May 9, 2016, Rony A. Khneiser ("Petitioner"), a prisoner in state custody, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254 ("Petition" or "Pet."). On August 10, 2016, Respondent filed an Answer, which addressed Petitioner's claims on the merits and argued that the claims were unexhausted. On October 7, 2016, Petitioner filed a Request for Stay and Abeyance in order to exhaust state remedies. On October 14, 2016, the Court ordered Petitioner to file a Reply that addressed the merits of his claims. On December 21, 2016, Petitioner filed the Reply.

Pursuant to 28 U.S.C. § 636(c), both parties have consented to proceed before this Magistrate Judge. The matter is now ready for decision. For the reasons set forth below, the Court finds that the Petition should be denied.

## RELEVANT STATE PROCEEDINGS

On October 17, 2016, Petitioner pleaded guilty to two counts of first degree robbery (Cal. Penal Code § 211); two counts of carjacking (Cal. Penal Code § 215(a)); one count of first degree burglary while a person other than an accomplice was present (Cal. Penal Code §§ 459, 667.5(c)(21)); two counts of false imprisonment by violence, menace, or fraud (Cal. Penal Code § 236); misdemeanor impersonating a police officer (Cal. Penal Code § 538d(a)); and two counts of receiving stolen property under $950 (Cal. Penal Code § 496(a)). As to the robbery, carjacking, and false imprisonment counts, Petitioner admitted he was armed with, and personally used, a deadly and dangerous weapon, to wit, a BB gun (Cal. Penal Code §§ 12022(a)(1), 12022(b)(1)) and that another principal was armed with a shotgun (Cal. Penal Code § 12022(a)(1)). Petitioner also admitted that he had served six prior prison terms (Cal. Penal Code § 667.5(b)) and violated his mandatory supervision by committing the new offenses. (Respondent's Lodged Document ("LD") 1 at 8-14; LD 2 at 64-67; LD 5 at 2-3.)

At the plea hearing, the trial court indicated a sentence of ten years in state prison with half-time credit – rather than fifteen percent credit – for the time Petitioner had already served in local custody, despite his pleading guilty to serious and violent offenses. (LD 5 at 3.) Petitioner's plea form, signed by Petitioner and his counsel but not the prosecutor, stated: "The custody term **will be** 10 years state prison." (LD 2 at 67 (emphasis in original).) Near the end of the signature section, the form noted that the "sentence will be mid term six years [for the first degree robbery alleged in Count 1, plus 1 year consecutive for [section] 12022(a)(1)," plus one year each for three of the prior prison term allegations, for a "total sentence [of] 10 years." (LD 2 at 67; LD 5 at 3-4.)

The sentencing hearing was held on November 6, 2014. (LD 1 at 27-43.) At that time, the court informed Petitioner and his codefendants of the following:

[D]efendants, I know that with your priors that several of your priors may be reduced on the filing of a Petition pursuant to the new law [Proposition 47]. While I say that, the way it has to work is you file a Petition, . . . the DA gets served a copy of the Petition,

2

| | |
|---|---|
| 1 | the DA can check on all of your prison records, how you behaved in prison. And the |
| 2 | case gets set for hearing. And the hearing is are you too dangerous to grant your |
| 3 | request to reduce those to a misdemeanor. [¶] So you can see it's done consequently, |
| 4 | it's not done now. The way I've worked your sentence, I'm not giving any of you any |
| 5 | time on your priors. So we can avoid the issue of whether they should be reduced later. |
| 6 | . . . I gave you all indicated sentences of time. I could get that to that time a number of |
| 7 | ways based on the conduct of your case. And so when I'm sentencing you today, you |
| 8 | will not get sentenced on consecutive time on your priors. I'm just going to give you |
| 9 | your time on the counts themselves. As you know, I have lots of time to give you. They |
| 10 | are all in the plus-20s, easily. I can get to the numbers without using your priors, which |
| 11 | is what I'm going to do . . . ." |

(LD 1 at 27-28; LD 5 at 4.)

      The superior court sentenced Petitioner to ten years in state prison, consisting of the upper term of nine years on one robbery count, plus one year for the principal armed with a firearm enhancement. The court ran the sentences on the remaining counts concurrently with the robbery term, reduced one of the receiving stolen property convictions to a misdemeanor, stayed the sentences on the remaining gun enhancement allegations, and stayed the sentences on the six prior prison terms. The court also awarded Petitioner 561 days credit for time served. (LD 1 at 40-43; LD 2 at 80-82.)

      Petitioner, through counsel, filed an appellate brief pursuant to procedure outlined in People v. Wende, 25 Cal.3d 436 (1979), and Anders v. California, 386 U.S. 738 (1967). The brief asked the California Court of Appeal to independently review the record to determine whether arguable issues existed, including whether Petitioner's ten-year sentence should "be calculated as originally indicated." (LD 3.) The court gave Petitioner an opportunity to file a personal supplemental brief, and he did so. (LD 4.) He did not challenge his ten-year sentence, believing it to be "fair and just"; rather, he claimed that the court breached the plea agreement when it calculated his ten-year sentence using the upper term of nine years plus

one year for one of the gun enhancements instead of the middle term of six years plus one year for the gun enhancement and three years for three of Petitioner's six prior prison term enhancements. Petitioner claimed that this calculation rendered him unable to "benefit" from Proposition 47, which provided the right to petition for resentencing for a person currently serving a felony sentence for an offense that is now a misdemeanor, and which had gone into effect the day before sentencing. (LD 4; see also LD 5 at 6-7.)

On July 28, 2015, the appellate court rejected Petitioner's claims. (LD 5 at 6-14.) The court sua sponte determined that the trial court should have stricken, rather than stayed, Petitioner's six prior prison terms and otherwise affirmed the judgment. (LD 5 at 15-17.)

Petitioner did not file a petition for review or a habeas petition in the California Supreme Court.

The instant Petition was filed on May 9, 2016.

## PETITIONER'S CLAIMS

Petitioner claims in his three grounds for relief that the state trial court breached the plea agreement and denied him the benefit of his bargain "by altering the manner in which it imposed the ten year sentence," thereby depriving Petitioner of his Fifth, Sixth, and Fourteenth Amendment rights. (See Pet. at 5, 9-14.)

## DISCUSSION

I. **Exhaustion and Applicable Standard of Review**

Respondent argues that Petitioner's claims are unexhausted and, therefore, the Petition should be denied. (Answer at 4-7.) The Court has reviewed the records and finds that the claims are unexhausted because Petitioner never presented them to the California Supreme Court. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982) (petitioner must exhaust available state judicial remedies on every ground for relief presented in the petition); James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994) (exhaustion requires petitioner's claims to be fairly presented to the state courts and disposed of on the merits by the highest court of the state).

However, in the interest of judicial economy, the Court elects to reach the merits of Petitioner's unexhausted claims because they clearly do not raise a colorable federal claim. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); see also Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005) ("[A] federal court may deny an unexhausted petition on the merits . . . when it is perfectly clear that the applicant does not raise even a colorable federal claim."). Where claims are unexhausted, out of an abundance of caution and to ensure that no colorable federal claim has been raised, the Court reviews the claims de novo. See Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) ("[W]e hold that when it is clear that a state court has not reached the merits of a properly raised issue, we must review it de novo.").[1]

## II. Petitioner's Claims Do Not Warrant Federal Habeas Relief

Petitioner contends that the trial court breached the plea agreement by sentencing him to the upper term of 9 years, plus one year for the firearm enhancement, rather than the six year middle term, plus one year for the firearm enhancement and three years for three of Petitioner's prior convictions that was originally discussed during the plea hearing. Petitioner's claim is without merit.

### A. Relevant State Court Proceedings

Before the plea was taken, the trial court held "numerous chambers conferences" with the parties and provided Petitioner with an "indicated sentence" of ten years and fifty percent credit for time served. (LD 1 at 1-4, 8; LD 2 at 67.) On the day of the plea, Petitioner asked the court to leave its indicated sentence open and allow him to go through a preliminary hearing to try to beat the carjacking charges. (LD 1 at 1-2.) The court told Petitioner he was within his rights to take his case to trial, but declined to hold open its indicated sentence. Petitioner made clear that "accountability [was] not a problem" and that he believed the

---

[1] Petitioner has filed a Request for a Stay and Abeyance ("Request"), in order to exhaust his claims. (Docket No. 20.) As set forth below, the Court finds that Petitioner's claims are without merit. Accordingly, there is no basis to stay these proceedings, and the Request is denied.

5

indicated sentence was "fair."  He just wanted to make sure there was no way to get his sentence reduced any further.  (LD 1 at 1, 3-4, 8.)  The court explained: (1) the charges against Petitioner were "extremely serious" and a "horrible trauma happened to a totally innocent person"; (2) absent the indicated sentence, Petitioner would receive six years for his prior convictions alone and would receive just fifteen percent credit for the time he had already served, instead of the court's indicated fifty percent; and (3) even without the carjacking charges, the court believed Petitioner should serve ten years for his crimes.  (LD 1 at 1-4.)  Petitioner again made clear he thought the ten-year indicated sentence was fair by thanking the court for the "deal" and later referring to the sentence as a blessing.  (LD 1 at 8-9, 31.)

Petitioner's counsel stated that he and Petitioner "had discussed pleading to the mid[dle] term on Count 1, plus one year for [one of the firearm] enhancement[s]," plus one year each for three of Petitioner's prior convictions.  (LD 1 at 8.)  Petitioner states in his Petition that the trial court had asked his attorney and the district attorney to come up with a way to reach the ten years, and that this is the calculation to which they had agreed.  (Pet. at 5.)  As discussed above, this calculation was noted in the plea agreement.  (LD 2 at 67.)

On the day of sentencing, the court commented on the passage of Proposition 47 and informed Petitioner and his codefendants to file petitions under the new law because they might be eligible to have their prior felony convictions reduced to misdemeanors.  (LD 1 at 27-28.)  The court again referred to its "indicated sentence" and made clear it intended to calculate Petitioner's sentence without using time on his priors to "avoid the issue of whether they should be reduced later."  (Id.; LD 5 at 4.)  Significantly, the plea agreement attached to Petitioner's federal Petition seems to reflect the court's revised calculation by including "UT-9" and "12022(b)1" (*sic*) beside the previously present words, "The custody term **will be** 10 years state prison."  (Pet. at 17 of 21 (emphasis in original).)  The court thereafter sentenced Petitioner to the upper term of nine years on one robbery count, plus one year for the firearm enhancement.  (LD 1 at 40-43; LD 2 at 80-82; LD 5 at 5-6.)

The California Court of Appeal explained at length the nature of Petitioner's plea under California law:

> To address defendant's contentions, we must first determine how the October 17, 2014 transaction should be characterized. Defendant variously describes the transaction as a "plea deal" and "plea agreement."
>
> A plea bargain and an indicated sentence are distinctly different ways of resolving a criminal case without a trial. "The process of plea bargaining which has received statutory and judicial authorization as an appropriate method of disposing of criminal prosecutions contemplates an agreement negotiated by the People and the defendant and approved by the court. [Citations.] Pursuant to this procedure the defendant agrees to plead guilty in order to obtain a reciprocal benefit, generally consisting of a less severe punishment than that which could result if he were convicted of all offenses charged." (People v. Orin (1975) 13 Cal.3d 937, 942, italics added.) A "'negotiated plea agreement is a form of contract'" and is consequently "interpreted according to general contract principles." (People v. Segura (2008) 44 Cal.4th 921, 930 (Segura).) "Acceptance of the agreement binds the court and the parties to the agreement." (Segura, at p. 930.)
>
> "Although a plea agreement does not divest the court of its inherent sentencing discretion, 'a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain. [Citation.] "A plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound." [Citation.] Should the court consider the plea bargain to be unacceptable, its remedy is to reject it, not to violate it, directly or indirectly. [Citation.] Once the court has accepted the terms of the negotiated plea, "[it] lacks jurisdiction to alter the terms of a plea bargain so that it becomes more favorable to a defendant unless, of course, the parties agree." [Citation.]'" (Segura, at p. 931; see § 1192.5 ["Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant,

except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea."].)

In contrast, "[i]n an indicated sentence, a defendant admits all charges, including any special allegations[,] and the trial court informs the defendant what sentence will be imposed. No 'bargaining' is involved because no charges are reduced. [Citations.]" (People v. Allan (1996) 49 Cal. App. 4th 1507, 1516 (Allan), italics added.) Rather, "the trial court simply informs a defendant 'what sentence he will impose if a given set of facts is confirmed, irrespective of whether guilt is adjudicated at trial or admitted by plea.' [Citations.]" (People v. Superior Court (Ramos) (1991) 235 Cal. App. 3d 1261, 1271 (Ramos).) "In contrast to plea bargains, no prosecutorial consent is required. [Citation.]" (Allan, at p. 1516.)

Another significant distinction between a plea bargain and an indicated sentence is that only a plea bargain is subject to the procedural requirements set forth in Penal Code section 1192.5 for the acceptance of a guilty plea. Section 1192.5 only applies where a guilty plea is "accepted by the prosecuting attorney in open court. . . ." (§ 1192.5.) Thus, that section only governs "'the procedures to be followed by the trial courts in dealing with negotiated pleas, commonly known as plea bargaining.' [Citation.]" (People v. Hoffard (1995) 10 Cal.4th 1170, 1181 (Hoffard); accord, People v. Fairbank (1997) 16 Cal.4th 1223, 1245 [section 1192.5, "by its terms, applies only to 'negotiated pleas' "].) An indicated sentence is not a negotiated plea and therefore is not subject to section 1192.5. (Hoffard, at p. 1184, fn. 12.)

The record in this case does not support the conclusion that there was any negotiated plea between defendant and the prosecution. The prosecutor never accepted defendant's guilty pleas in open court, nor did she ever represent to the court that she and defense counsel had reached any plea agreement. Although the record does show that the prosecutor did not object to the 10-year indicated sentence when

the court announced it, most significant is the fact that the prosecutor never signed the plea form.

In criminal practice, the phrase "plea to the court" refers to a plea of guilty or nolo contendere to all of the charges, without any promises or participation by the prosecution. (See, e.g., Liang v. Superior Court (2002) 100 Cal. App. 4th 1047, 1053 [the defendant pled nolo contendere to all charges; defense counsel described plea as "not a People versus West plea bargain involving the People at all. It was an open plea to this court"]; People v. Cole (2001) 88 Cal. App. 4th 850, 856 [the defendant pled nolo contendere to all charges; plea form described the disposition as an "'open plea to court – no promises made'"].) A "plea[ ] to the sheet" is an admission of all charges, without any promise of consideration from the prosecution. (See People v. Marsh (1984) 36 Cal.3d 134, 140 ["defendant makes the unwarranted assumption that a nolo or guilty plea is invalid unless made for a consideration which would support a contract. If that were the law a defendant could not 'plead to the sheet,' simply in the hope that the court will show leniency"].)

The record clearly establishes that the October 17, 2014 transaction was not a plea bargain but a plea to the sheet. Neither party ever contended otherwise. As such, defendant mistakenly argues the court breached the plea agreement by sentencing him to nine years on count 1 plus one year for the gun enhancement rather than as noted in his plea form. In addition, our conclusion that there was no plea bargain means that the procedural requirements of section 1192.5 were not applicable. Defendant does not seek to withdraw his plea to the court or claim he did not voluntarily, freely, and intelligently plea to the court. In fact, defendant believes the plea was "fair and just." Rather, it appears defendant is attempting to reduce his sentence, even though he had already received a great benefit and avoided a potentially much greater sentence if convicted of all of the charges, by the passage of Proposition 47.

Furthermore, it does not necessarily follow that the disposition was a proper indicated sentence. An indicated sentence is one that the trial court indicates it will impose "'irrespective of whether guilt is adjudicated at trial or admitted by plea.' [Citations.]" (Ramos, supra, 235 Cal.App.3d at p. 1271.) Years ago, the California Supreme Court recognized as a general principle that it is improper for a trial court to grant any form of leniency to a defendant because he has agreed to plead guilty rather than go to trial: "'A court may not offer any inducement in return for a plea of guilty or nolo contendere. It may not treat a defendant more leniently because he foregoes his right to trial or more harshly because he exercises that right.' [Citation.]" (In re Lewallen (1979) 23 Cal.3d 274, 278–279, quoting People v. Superior Court (Felmann) (1976) 59 Cal. App. 3d 270, 276 (Felmann).)

Thus, a trial court is precluded from "negotiating a more lenient sentence than would be imposed after trial in return for a plea of guilty or nolo contendere. . . ." (Felmann, supra, 59 Cal. App. 3d at p. 273.) Instead, "[l]eniency in return for a plea of guilty or no contest must be negotiated by the defendant with the prosecutor." (Id. at p. 276.)

Accordingly, where a defendant pleads guilty without reaching any plea agreement with the prosecution, a reviewing court must determine whether the trial judge accepted the plea "solely in the exercise of his [or her] sentencing discretion" or instead, "determined to accept an offer of the defendant to enter his plea in return for more lenient treatment than he otherwise would have received." (Felmann, supra, 59 Cal. App. 3d at p. 277.) In the first instance, the trial court would be acting within its proper sentencing authority, but in the second, it "would unconstitutionally be invading the province of the executive branch which had not accepted defendant's offer." (Ibid.)

Here, it appears the trial court accepted the plea "solely in the exercise" of its sentencing discretion. (Felmann, supra, 59 Cal. App. 3d at p. 277.) As the court noted, it was prepared to give defendant the indicated 10-year sentence but could calculate

|   |   |
|---|---|
| 1 | the term in many different ways considering the numerous charges and enhancement |
| 2 | allegations. |
| 3 | Based on the foregoing, we reject defendant's contention that the trial court |
| 4 | breached the plea agreement in imposing the indicated sentence. |

(LD 5 at 7-13.)

**B.    Applicable Federal Law**

A criminal defendant has a federal due process right to enforce the terms of a plea agreement. Promises from the prosecution in a plea agreement must be fulfilled if they are significant inducements to enter a guilty plea. Santobello v. New York, 404 U.S. 257, 262 (1971); Buckley v. Terhune, 441 F.3d 688, 694 (9th Cir. 2006) (en banc) (under Santobello, "a criminal defendant has a due process right to enforce the terms of his plea agreement"). Plea agreements are contractual in nature and are construed under ordinary rules of contract interpretation. United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir. 1993). However, the construction of a state court plea agreement is a matter of state law, and federal courts will defer to a state court's reasonable construction of a plea agreement. Ricketts v. Adamson, 483 U.S. 1, 6 n.3 (1987); Buckley, 441 F.3d at 695.

**C.    Analysis**

To the extent that Petitioner seeks relief for an alleged violation of state sentencing law, his claim is not cognizable on federal habeas review. 28 U.S.C. § 2254(a) (limiting relief to claims invoking federal law); Bradshaw v. Richey, 546 U.S. 74, 76-78 (2005).

Even if Petitioner has asserted a cognizable federal claim based on an alleged breach of a plea agreement, it is without merit. Having reviewed the relevant records, the Court concurs with the California Court of Appeal and finds that there was no plea bargain, but a "plea to the sheet" by which Petitioner admitted all charges, including the special allegations, and the trial court indicated the sentence to be imposed. There was no bargaining because no charges were reduced. The trial court exercised its discretion to accept Petitioner's guilty

plea and noted it was prepared to give Petitioner the indicated 10-year sentence, which could be calculated in a number of different ways.

While the plea form at first cited the initial sentencing calculation, it was amended on the day of sentencing to ensure that Petitioner served the ten years the trial court explicitly indicated it would impose. Even if this case had involved a plea bargain, the method by which the ten-year sentence was calculated hardly amounted to a "significant inducement[]" to enter into a plea. See Santobello, 404 U.S. at 262; Buckley, 441 F.3d at 694. Rather, it was a "fair and just" sentence that provided Petitioner with "a great benefit and avoided a potentially much greater sentence." (LD 5 at 11.)

Moreover, Petitioner was not deprived of the benefit of Proposition 47. Not only did the sentencing court reduce Petitioner's receiving stolen property offense to a misdemeanor, it also advised Petitioner of his right to petition the court under Cal. Penal Code § 1170.18 regarding his present and prior offenses.

Thus, Petitioner has failed to show there was a plea agreement, that it was breached, that he was deprived of the benefit of any bargain, or that his constitutional rights were otherwise violated in connection with his guilty plea. Accordingly, his claims are without merit and he is not entitled to federal habeas relief.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." For the reasons stated herein, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability should be denied.

///

///

///

**ORDER**

For the reason set forth above, IT IS ORDERED: (1) that the Petition is denied; (2) the certificate of appealability is denied; and (3) Judgment shall be entered dismissing this action with prejudice.

DATED: August 7, 2017

　　　　　　　　　　　　　　　　　*/s/ John E. McDermott*
　　　　　　　　　　　　　　　　　JOHN E. MCDERMOTT
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE